Good morning, Judge Wallace, Judge Noonan, and Judge Price. My name is Mary Geddes, and I'm representing Michael Sargent. And I thank him for the opportunity to make an oral argument in his case. Although this case involves the theft of government property, and the defendant, Mike Sargent, was a United States Postal Service employee, this case involves the theft of money, money orders from a mail. This case involved the theft of paperwork called postage statements. These are customer-prepared worksheets as to the cost of a bulk mailing. Bulk mailing has to be prepaid, meaning that it is paid before the submission of a bulk mailing and a customer worksheet. Value in excess of $1,000 was an essential element of the felony crimes charged, and the government failed its burden to establish beyond a reasonable doubt that a customer's worksheet as to the expected cost of a bulk mailing itself embodied or had that same value as the postage itself. Yet the government's evidence in this case was principally concerned with the impact and the consequences caused by Mike Sargent's omissions on the job, not the value of postage statements. I take it the government's case is based upon the face value. Is that right? It has to be concerned with the face value, market value, or cost price of the document. And the district court found the value was over $1,000. It did not. So how do we set aside that finding? What is there about the district court's analysis which indicates that we need to set aside that finding and reverse these convictions? Well, of course, in order to set aside, the court has to consider whether or not the government in fact established that it had such a value. Yes, the court made findings to that effect. Which findings are wrong and why? The finding that it made that the document had that value was based upon the perception that the document itself could be tendered as some form of payment. And that's simply not the case. It was simply a worksheet which anticipated the cost of the mailing. It was not itself any form of tender or currency or payment. In order to understand the problem with this particular characterization, Your Honor, it had to be understood that there were two separate forms of database or two different databases. Into one database, the customer would tender payment. And that payment was reflected. That was called the POS database. Into the other database, called Postal 1, was simply a record created by a post office employee as to basically the receipt of a bulk mail, the cost of the bulk mail. And that was a record that was created by the employee himself. Based on the postal statement submitted by the customer? Well, that was the starting point. The employee would have to look at the postal statement, inspect the mail, determine whether or not the postal statement in fact reflected a true representation of the mailing itself. And then a determination would have to be made as to the cost of the mail. So what Mike Sargent actually did was he actually failed his duty, which was to inspect the mail, document the cost of the mail, and make an entry into his unit's database. Why don't the statements reflect what it costs the postal service? Why don't they? Because, in fact, bulk mail has to be prepaid. And so the cost for the mailing is actually already submitted after that bulk mailing is delivered to a post office. There was some evidence about whether or not you could find out how much it cost the post office by the value of the people. And what do we do with that evidence? Does that ever get to face value, in your view? If I understand your question, it doesn't. Because what they essentially did was they bootstrap, basically, the consequences of his omissions in making an accounting entry to represent the value of a postage statement, to give those postage statements value. In fact, what we have here is an investigation, and I would refer specifically or further court to the excerpt of record, page 136. We had an investigation which was limited as to whether or not entries had been made in the Postal 1 database, and not whether or not payments had, in fact, been tendered for the bulk mailing. And the Postal 1 inspector said that. His investigation, his analysis, in respect to the trial issue, is limited to the determination of whether or not the mail had been documented in the Postal 1 database, not whether or not the postal customer had, in fact, posited funds to the USPS for the mailing. So he created a document called Exhibit 37, which is in the supplemental excerpt of the record, and upon which the government relies. And that document says that revenue wasn't collected for a certain number of mailings. But, in fact, his determination was limited as to whether or not the mailings had been documented in Postal 1, not to whether or not funds had actually been tendered for that bulk mail. So we really have a complaint that has to do with the lack of accounting documentation, and not a document that actually has value in representing funds that weren't received. It was not, in fact, as the government said, evidence of a... I believe that they said it was the only record of accounts receivable in the case where my sergeant took the record. But accounts receivable is record of a debt. Since the investigation in this case and the government's evidence only went to whether or not there had been documentation of the mail received by my sergeant, and not whether or not, in fact, the payment had been tendered to the Postal Service, it could not be a record of accounts receivable. Their evidence just didn't go that far. That's why they didn't establish beyond a reasonable doubt that the customer worksheet had that value, that the worksheet was just superfluous to the actual transaction, which was the delivery of payment and the delivery of the mail and the processing of the mail. Let me ask you, what is it that you're asking? If we were to agree with you, does he remain convicted of the misdemeanor? Yes, he has admitted all of the essential elements for a misdemeanor conviction. So we're asked that you find that the government, if there was a motion for judgment of acquittal in this case, we're asking that you find that the government failed its burden to establish that the postage statements had any of the values that are narrowly defined in the statute for establishing a felony value. So we would remand it for resentencing? You would remand it, I believe, for the entry of a new judgment reflecting only misdemeanor convictions. On both counts or just on one count? Actually, there are eight counts in the indictment. There was a judgment of acquittal granted for two of the counts with respect to misdemeanor convictions. And he's already – It's trailed off and I didn't quite get it. We'd remand it for what? For the entry of a judgment allowing for misdemeanor convictions only. My question was on both counts. There were two different crimes. Yes. Are there misdemeanor convictions for both? For all of them. For both charges? Yes. Okay. And that's because the government, the parties, in proceeding before the court, never disputed, never had an argument as to whether or not the definition of value provided in Section 641 in application also to the prosecutions under 1707. Well, Section – counts five and six were misdemeanor counts. That's correct. So they aren't before us. Those aren't appealed. We have one through four, which are felony counts. Were those counts charged by the government both as felonies and misdemeanors? No, sir. They were only charged as felonies. So by your argument, then, we would reverse those convictions. Yes. It's one through four and also seven and eight. How long has he been in prison now? He has been in prison since October, and the Bureau of Prison website says that he should be released as of December 15, 2008. That is the current term of his sentence. So he's now been in prison for nine months? He has. And, yes, Judge Pius, you asked whether it should be remanded for a sentence, and it's sure in light of the degraded nature of the convictions that would be presented. Certainly the court has the opportunity to – I'm missing something here. It was only charged as a felony. Your argument is that they didn't prove the felony. Why would we send it for resentencing? Why wouldn't we just reverse it? They didn't charge a misdemeanor in those counts. Because he agreed to all of the essential elements for misdemeanor. Sure. So he's serving time on two of those. But the felonies aren't misdemeanors. They're felonies. If we are right, then those felonies should be reversed. I don't know why they'd resent. They can recharge him on those, but I doubt they would. Well, I certainly can't dispute that, Judge. Well, if he had only been convicted of misdemeanors, he wouldn't be in prison. Is that correct? Well, I think theoretically you can allow for consecutive sentencing on a misdemeanor conviction. And so I have to allow for that theoretical possibility that the court could impose consecutive sentences to comport with the calculation of loss. But there's a loss issue that's been presented as well to the court. Thank you. Good morning. My name is Brett Randall, and I'm an assistant U.S. attorney, and I represent the government in this case. Basically, if you would look at the excerpts of record at 236, there is in there an example of one of the postage statements that is in this case. And that was a postage statement for over $2,400. Basically, what the customer does is goes to the post office website and creates this form. And it is based on what they have done to decide the amount of bulk mail they are mailing. They get the bulk rate because they are already deciding the postage, the number of ways it's stamped, and how to prepare it for a bulk mail. They bring this document with them to the place where they deliver the bulk mail. Now, the POS1 system that Ms. Geddes talks about, there's a continual confusion by the defense of that aspect of this case in the record. POS1 is merely where they put the deposits. The customers pay in advance for their mailing. Most bulk mailers keep an account with the post office. That receipt is then taken over to where Mr. Sargent is, the POS1 system. And there is a trust account created in the POS1 system that has to do with the amount of money a customer has on basic banked with the POS1 system. It can't be touched by the POS1 system until they get one of these documents. When the mail is brought in, this document is brought in, and as you see it brought in, it is completed by the POS1 worker. That is the POS1 worker who completes the bottom, verifying this is the amount of mail that's coming through, this is the mail that's being sent. This document is basically the same as a check made out to someone that is yet to be negotiated. And when Mr. Sargent sold those, they weren't negotiated. You, the customer, still get the service, but Mr. Sargent sold the check so that the business doesn't get the money they're supposed to get. This is the only document that is used to put into the computer and authorizes the transfer of the money from the customer account to the post office. Well, then the real crime that this defendant committed was the failure to put into the computer the amounts charged that would be transferred from the bulk mailer account to the UPS. Now, sir, he stole all these documents. He may have stole all the documents, but what he did wrong, whether he stole the document or not, your complaint is that you didn't get your money. The stealing of the document is secondary. Suppose he had put it into the computer and stole the document. Then it wouldn't have been paid. Okay. Just like the two misdemeanors were legitimately found because those are like cancel checks. So, that's right. The stealing of this... The account receivable document is removed permanently. Stealing this document was a misdemeanor and he was convicted of it. He was convicted of two of them that had been processed. Okay. He made it impossible for the post office to be able to accept payment. Because... It's the same thing as someone working at a bank. Let me tell you what bothers me about this case. I've read your brief very carefully. It just seems to me that if there was a crime that was on the books, of the failure to put into the computer the transfer, clearly it would be affirmed, but there's no such crime. And so, what you have to do then is say, this misdemeanor, stealing this piece of paper, is a felony now because the value of this is over a thousand dollars. The face value of all of the documents that he stole totaled almost a half a million dollars. The face value of each document for which he was convicted has to be over a thousand dollars. Count one is under 641, and the cumulative value was almost a half a million dollars. Okay. That's what he kept track of in his spreadsheet, all of the documents that he took. And that's what's set out in the supplemental excerpts of record from 1212. The only way the post office could even get their money back was to get his spreadsheet that he kept, because he took and documented all the money he was keeping the post office from getting from these documents. Whether the post office... See, I don't get the relevance of getting the money back. What he did was he sold a document, and he didn't put it into the computer. It's not a crime not to put it in the computer. You can get fired for it, but it's not a crime not to put it in the computer. So it has to be the face value of this document. Now, you say the face value of this document comes over a thousand dollars. For what reason? Because that's the cost of that particular mail. It's a thousand dollars. His definition of value is face cost or market value. Because he didn't put it in the computer. What importance does that make? I would submit that it's the face value, and that's what the district court found. Could you negotiate it? On the public market, no, but between a business customer and the postal service, if there was a mistake with the mailing or they didn't have the money in their account, this document would be changed, and it wouldn't be able to be submitted. But the document on his face is what the value of that mailing was, and that's what the post office was entitled to. It's not the value of the mailing that's at issue. It's the value of the piece of paper. So is the court basically saying that it's... No, please don't... I'm just trying to understand your question. We're trying to understand you. What is the value of this piece of paper, which represents a kind of claim, but is not negotiable, is not... The information on the face of this document is what has value. Say that again. The information on the face of the document is what has value to the postal service, and this court has found in other cases that information can be a basis for value. That information is what's vital to the postal service, and he sold that information, which is on his piece of paper, but he didn't merely steal a piece of paper and use it as scrap, as the trial court found. It was the information that was on there that he took. So the only value is to the post office? Of course. There's no other market value, black market or otherwise? That's correct. So it's only to the post office. But it'd be the same thing as... I mean, he did this... And what's the value really of the post office is the cost of the mailing. That's what they're concerned about. And that's what they lost. That they can only obtain that cost based on the face value of this document. But they had the money, the customer money, as Judge Wallace said, in their account. That is not in the postal account. But it's on... It's in a customer account that the post office cannot legally touch without the customer's consent, which is why they had to go through and spend many hours reconstructing these statements and getting permission from the customer to pay back the mailings that Mr. Sargent allowed to go through. It was the information that he stole. It'd be the same thing as a company at Denny's, an accountant at Denny's tearing up the checks that you paid. You got the services. You tear up the checks. Nobody knows they're there. It's only valuable to Denny's because that's who it's made out to. It's a personal check, in effect. It's the face value that gives it value. Well, either the personal check or it's an estimate. It seems to me that's the problem. It's the customer's estimate of what could be charged. It's not effective. It's not an... No, excuse me. It's not effective until the post office employee signs off on it. So it's a piece of paper not able to achieve anything until the post office person signs off. Isn't that correct? It's a piece of paper. That's true. It has to be processed and the post office agrees with it. So how can it have a face value if it has to be completed? Because it's a piece of paper. The customer and the post office both agree that this is the amount that's going to be taken out of their account for the mail. This instrument, this document is what's finalized as a final agreement for payment. That's what this document shows. This is what they both agree is the cost that's going to be coming out of the customer account and that they have to pay for the bulk mail. Well, let me give you the hypothetical. Supposing I enter into a contract with you and say I'm willing to pay you $1,000 for your services. That's the value I put on it. It'll be the value to you if you perform, but you don't sign it. There's no contract. Why is the piece of paper with my estimate on it valuable? In that situation, between two individuals, I don't think it would be. This is a business record and it's understood by all customers that come into the bulk mail unit that these prices are pretty much set out. This is a computer calculation that's created by the website. When you put in this number of pieces of mail that you're mailing, it's going to be done at this rate. That's why these figures sometimes come out to three cents, .326 cents, because the computer is doing this from the postal website. So the customer who goes in to the BNAU knows that this is what the cost pretty much is going to be. What the employee does is look and make sure that the addresses are consistent. They do a guesstimate of the number of pieces, but mostly they want to make sure that this is going to be processed easily for that amount of money. But this actual amount that's on this document is what's been agreed to between the postal employee and the post office. I have one last question for you. I'd like you to sort of respond to my earlier inquiry. What is it that, if we disagree with you, what happens? Do we just reverse the felony convictions and remand or do we not? I think you would just reverse the felony convictions. Let me ask one other question. These are having to do with the findings, and maybe you can help me out with these. The district judge said from the record of Excerpt 247, which is page four of his opinion, in indicating the face value, he seems to say that he's referring as well to the value of these items to the defendant. And then later on, on page six, he talks about the defendant's motive as being instructive as to the value. It strikes me that that's problematic. Is that justifiable to use those kinds of pieces of evidence to determine the face value? Yes, I believe it is. Number one, the statutes, the charges from two to eight, you have to prove that the defendant acted to impede the post office. The documents were taken to impede and to the detriment of the post office. I think motive can be used for that reason. This is a very disruptive postal employee who had suffered some personnel actions and decided he wanted to get back at the post office. Yeah, he was wrong. Also, I think the district court analogized to a theme's market, a theme's value, basically. There's case law on that, and he was assessing that the value to Mr. Sergeant was, as the record showed, he wanted to bankrupt the post office, and a half a million dollars showed the value of it to him, which is what he was able to keep from the post office. It wasn't mere scraps of paper. I think that's why the district court was making that analogy. So if the value to him was five cents, the determination of face value would be based upon that? It strikes me it's interesting verbiage, but I'm not sure that it fits as a test. I think the court was looking at both the face value of the document was consistent with the actions of the defendant and his motive, and what the case value was, and I think that's why the court made that point. So face value has a component of motive of the defendant? I think it's something that uses evidence, but I don't think for that count necessarily, no. The face of the documents that were charged individually for the over $1,000 counts were over $1,000, and the cumulative amount was over $1,000. Is there a case that says that the district judge can use that kind of evidence in determining value for a felony? I'm not sure. Okay, thanks. Thank you. The matter will be submitted.
judges: Wallace, Noonan, Paez